# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. CAMARENA DE NINO, <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br> Defendant. | Case No. CV 17-01920-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Maria E. Camarena De Nino ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability, disability insurance benefits ("DIB"), and disabled widow's benefits ("DWB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On September 6, 2013, Plaintiff protectively filed a Title II claim for a period of disability, DIB, and DWB alleging disability beginning August 1, 2013. (Administrative Record ("AR") 148, 162, 190-92.) Her applications were denied

initially on January 10, 2014, and upon reconsideration on April 15, 2014. (AR 233, 245.) On June 9, 2014, Plaintiff filed a written request for hearing, and a hearing was held on June 23, 2016. (AR 112, 250.) Represented by counsel and assisted by a Spanish interpreter, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 114-147.) On July 29, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since August 1, 2013. (AR 104-05.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on March 9, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2013, the alleged onset date ("AOD"). (AR 95.) At **step two**, the ALJ found that Plaintiff's major depression, mild and recurrent, is a severe impairment. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 96.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform medium work . . . except the claimant has no exertional limitations. She can perform work involving simple instructions, but cannot perform high-paced work. The claimant requires no special supervision. However, she would be off-task up to 10% of the time. She can perform occasional work with the public, maintain

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

concentration and attention for 2-hour increments, and accept directions from a supervisor.

(AR 97.)

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as a vegetable packer. (AR 102.) The ALJ also made an alternative **step five** finding that Plaintiff could perform the occupations of grocery bagger, recycler, and hand car washer. (AR 103-04.) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of the decision. (AR 104.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the opinions of the state agency medical consultants and properly classified Plaintiff's past relevant work; and (2) whether the ALJ properly evaluated the opinion of Plaintiff's treating psychiatrist. (Joint Submission ("JS") 4.) For the reasons below, the Court agrees with Plaintiff regarding the evaluation of her psychiatrist's opinion and remands on that ground.

### A. The ALJ Did Not Properly Evaluate The Opinion Of Plaintiff's Treating Psychiatrist

Plaintiff argues that the ALJ failed to provide legally sufficient reasons to reject the opinion of her treating psychiatrist. (JS 19.) The Commissioner argues that the ALJ properly evaluated all of the medical opinion evidence. (JS 20.)

#### 1. Applicable Legal Standards

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

4

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir.2008). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

### 2. Discussion

#### a. Dr. Pamplona's Opinion

Sofia Pamplona, M.D., completed a Mental Medical Source Statement on April 11, 2016. (AR 770-75.) Dr. Pamplona stated that Plaintiff has attended bimonthly psychiatric appointments since June 2008. (AR 770.) She diagnosed Plaintiff with severe recurrent major depressive disorder with psychosis, general anxiety disorder, and hypertension, and she assigned Plaintiff a Global Assessment of Functioning score of 46. (*Id.*) Dr. Pamplona also stated that Plaintiff's prognosis "continues to be guarded," noting that "it is unlikely that there will be significant improvement in the next 12 months." (*Id.*) Dr. Pamplona indicated that Plaintiff suffered from anhedonia, decreased energy, generalized persistent anxiety, mood disturbance, difficulty thinking or concentrating, recurrent and intrusive recollections of a traumatic experience, persistent disturbances of mood or affect, and hallucinations or delusions. (AR 771.)

Dr. Pamplona found Plaintiff to be "seriously limited" in the following abilities: remember work-like procedures; understand, remember, and carry out very short and simple or detailed instructions; maintain attention for a two-hour segment; maintain regular attendance and be punctual; sustain an ordinary routine

without special supervision; work in coordination with or proximity to others without being unduly distracted; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; be aware of normal hazards and take appropriate precautions; set realistic goals or make plans independently of others; deal with stress of semiskilled and skilled work; and interact appropriately with the general public. (AR 772-73.) Dr. Pamplona found that Plaintiff was "unable to meet competitive standards" with respect to her ability to respond appropriately to changes in a routine work setting, deal with normal work stress, travel in an unfamiliar place, and use public transportation. (*Id.*) She also noted that Plaintiff had "limited but satisfactory" ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. (AR 773.) Dr. Pamplona attributed these limitations to Plaintiff's anxiety diagnosis. (AR 772-73.)

Dr. Pamplona indicated that Plaintiff's impairments or treatment would cause her to be absent from work more than four days per month. (AR 774.) She also indicated that Plaintiff's impairments are reasonably consistent with the described symptoms and functional limitations, and these impairments have lasted or could be expected to last at least 12 months. (*Id.*)

### b. The ALJ's Decision

The ALJ gave Dr. Pamplona's opinion "little weight," finding that her diagnoses are unsupported by records from Ventura County Behavioral Health and Plaintiff's prior treating psychiatrist. (AR 100.) With the exception of Dr. Pamplona's own notes (AR 506-11), the records cited by the ALJ in discounting Dr. Pamplona's opinion all predate Plaintiff's AOD of August 1, 2013. (*See* AR

512 (Oct. 2012 to May 2013); AR 513 (2012); AR 514 (2011); AR 515 (2010); AR 516 (2009); AR 517 (2008); AR 518-79 (July 2008 to June 2013). "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165; *see Ingham v. Astrue*, 2010 WL 1875651, at *3 (C.D. Cal. May 10, 2010) ("[M]edical opinions of any physician, treating or examining, which predate the alleged onset of disability are not considered substantial evidence."). The ALJ therefore erroneously discredited Dr. Pamplona's opinion for being inconsistent with the records from outside the relevant time period. *See Rogal v. Colvin*, 590 F. App'x 667, 670 (9th Cir. 2014) (stating that the opinion of a treating physician who did not treat the claimant after the AOD was irrelevant to the disability determination, and thus the ALJ correctly excluded it); *Douglas v. Astrue*, No. 03:11-CV-00770-HU, 2012 WL 4485679, at *21 (D. Or. Aug. 28, 2012), *report and recommendation adopted*, No. 3:11-CV-00770-HU, 2012 WL 4485670 (D. Or. Sept. 27, 2012) (finding that an ALJ's consideration of medical evidence that significantly predated the claimant's AOD was erroneous); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.1 (9th Cir. 1988) (affirming an ALJ's rejection of evidence in part because it was dated prior to the relevant time period).

The ALJ also found that the "serious limitations" in almost all functional areas are inconsistent and "wholly unsupported" by Plaintiff's statements to her treating physicians, noting that Plaintiff consistently reported that her depression and auditory hallucinations are controlled with medication. (AR 100.) To support his finding, the ALJ again erroneously cites several treatment notes from Plaintiff's prior treating psychiatrist, dated from December 2009 to May 2012—before Plaintiff's AOD of August 2013. (AR 100; *see* AR 527-32, 539-40, 544-66.) The ALJ also cites Dr. Pamplona's treatment notes, which are unclear about which symptoms or conditions are reportedly aided by medications. (AR 100; *see* AR 631 ("She reports that the medications are helpful she heard voices . . . . She said 'Latuda really helps with that'"), 635 ("Meds are beneficial"), 640 ("no more

voices," "Meds = no SE"), 647 ("pt said the current meds help her very well"), 695 ("reports good response to current medications she hears voices but very few and far between and less intense").) However, Dr. Pamplona stated that Plaintiff's limitations were due to her anxiety diagnosis—not her depression or auditory hallucinations. (*See* AR 772-73.)

Finally, the ALJ determined that the categorical designation of impairments used in the report is "inconsistent with, and foreign to, the psychiatric review technique (PRT) form, Act and Regulations." (AR 100-01.) However, the Mental Medical Source Statement form defines the terms used to designate a patient's degree of impairment. A notation of "limited but satisfactory" indicates that a patient has noticeable difficulty with a particular ability "no more than 10 percent of the workday or work week." (AR 772.) A patient who is "seriously limited" has noticeable difficulty "from 11 to 20 percent of the workday or work week." (*Id.*) A patient who is "unable to meet competitive standards" has noticeable difficulty "from 21 to 40 percent of the work day or workweek." (*Id.*) The "foreign" terminology used to communicate Dr. Pamplona's opinion about Plaintiff's functional limitations is therefore not a legitimate reason to reject this opinion. *Cf. Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002) (when considering workers' compensation opinions, "[t]he ALJ must 'translate' terms of art contained in such medical opinions into the corresponding Social Security terminology in order to accurately assess the implications of those opinions for the Social Security disability determination") (citing *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)).

The ALJ ultimately assigned little weight to Dr. Pamplona's "unsupported conclusions . . . on an issue reserved to the Commissioner" due to contrary evidence and lack of objective support for her opinion. (AR 101.) An opinion on whether someone is disabled is an opinion on an issue reserved for the Commissioner because it is a dispositive administrative finding. *See* 20 CFR 416.927(d)(1) ("We

are responsible for making the determination or decision about whether you meet the statutory definition of disability."). To the extent that Dr. Pamplona's opinion that "it is unlikely that there will be significant improvement in the next 12 months" suggests an improper conclusion of disability, the ALJ was permitted to reject this statement. The overall RFC assessment is also an issue reserved for the Commissioner, but a medical source statement about a claimant's individual functional abilities is medical opinion evidence that must be considered by the ALJ. *See* SSR 96-5p, 1996 WL 374183, at *5 (S.S.A. July 2, 1996). Thus, Dr. Pamplona's conclusions about individual functional limitations cannot be rejected on this basis.

In sum, the ALJ failed to provide legally adequate reasons for discounting the opinion of Dr. Pamplona. Accordingly, remand is warranted on this issue.

**B.     The Court Declines To Address Plaintiff's Remaining Arguments**

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments that the ALJ improperly evaluated the state agency medical consultants' opinions and improperly classified Plaintiff's past relevant work. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**C.     Remand For Further Administrative Proceedings**

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the

Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ erred in assessing and discounting the opinion of Plaintiff's treating psychiatrist. On remand, the ALJ shall reassess the opinion of Dr. Pamplona and provide legally adequate reasons for any portion of that opinion that the ALJ discounts or rejects. The ALJ shall then reassess Plaintiff's RFC and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

## V.     **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 26, 2018

*/s/ Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**